Kevin R. Lussier, State Bar No. 143821
klussier@veatchfirm.com
**VEATCH CARLSON, LLP**
1055 Wilshire Blvd, 11th Floor
Los Angeles, CA 90017
Tel: (213) 381-2861
Fax: (213) 383-6370

Attorneys for Plaintiffs,
ABS-CBN CORPORATION, a Philippines Corporation, ABS-CBN FILM PRODUCTIONS, INC. d/b/a STAR CINEMA, a Philippines Corporation, and ABS-CBN INTERNATIONAL, a California Corporation

# THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABS-CBN CORPORATION, a Philippines Corporation, ABS-CBN FILM PRODUCTIONS, INC. d/b/a STAR CINEMA, a Philippines Corporation, and ABS-CBN INTERNATIONAL, a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROMULA ARANETA CASTILLO a/k/a JON CASTILLO, an Individual,<br><br>Defendant. | CIVIL ACTION NO. 2:20-CV-1338<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **VIOLATION OF 47 U.S.C. SECTION 605(a) and (e)(4)**<br>2. **VIOLATION OF CAL. PEN. CODE § 593D AND § 593D(F)** |

Plaintiffs, ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International (collectively, "ABS-CBN" or "Plaintiffs"), hereby sue Defendant, Romula Araneta Castillo a/k/a Jon Castillo, an individual ("Defendant").  Defendant is engaged in a scheme to advertise, promote, distribute, offer for sale and sell modified and/or illegal devices and equipment, for the purpose of capturing ABS-CBN's communications of television programming and rebroadcasting that ABS-CBN programming, without authorization, to customers that purchased the equipment needed to access these services from Defendant (the "Pirate Equipment" and/or "Pirate Services").

## INTRODUCTION

1.  This lawsuit involves the importation, modification, trafficking in, advertisement, promotion, offering for sale, sale, distribution, possession and/or use of illegal equipment designed to access ABS-CBN's protected communications and circumvent ABS-CBN's technological access control measures, ultimately allowing for the free viewing of ABS-CBN's copyrighted content. Federal and state law prohibit the devices, equipment, and technology in question. ABS-CBN brings this lawsuit seeking damages and injunctive relief against Defendant for the sale, distribution, trafficking, assembly, modification, possession of illegal devices, equipment, and technology, and unauthorized access to its communication signals.

## JURISDICTION AND VENUE

2.  This is an action seeking damages and injunctive relief for unauthorized reception of communications services and the sale of such devices under 47 U.S.C. § 605(a) and (e)(4); and The All Writs Act, 28 U.S.C. § 1651(a) (collectively the "Federal Claims") and Cal. Pen. Code § 593d, which permits a civil action to be filed under Cal. Pen. Code § 593d(f) (the "State Claim").

3.  Accordingly, this Court has subject matter jurisdiction over the Federal Claims under 28 U.S.C. §§ 1331 and 47 U.S.C. § 605(e)(3)(A).  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the State Claim, because the

1  claim is so related to the other claims in this action, over which this Court has
2  original jurisdiction, that it forms part of the same case or controversy under Article
3  III of the United States Constitution. Venue is proper in this Court pursuant 28
4  U.S.C. § 1391 because a substantial portion of the alleged unlawful conduct
5  occurred within the Central District of California ("District") and Defendant resides
6  and conducts business within this District.

## THE PARTIES

4. Plaintiff ABS-CBN Corporation is a public corporation organized under the laws of the Republic of the Philippines (the "Philippines") with its principal place of business in Quezon City, Philippines. Plaintiff ABS-CBN Film Productions, Inc. is a wholly-owned subsidiary of ABS-CBN Corporation and is a corporation organized under the laws of the Philippines with its principal place of business in Quezon City, Philippines.

5. Plaintiff ABS-CBN International is a corporation organized under the laws of California and is a wholly-owned subsidiary of ABS-CBN Corporation with its principal place of business located at 150 Shoreline Drive, Redwood City, California 94065.

6. Defendant is an individual, who, upon information and belief, resides at 555 E Olive Avenue, Apartment 106, Burbank, California and conducts business within this District.

7. Upon information and belief, Defendant has actively participated in the wrongful conduct described herein within this District.

## COMMON FACTUAL ALLEGATIONS

8. ABS-CBN is the largest media and entertainment company in the Philippines. With its twelve large production studios, ABS-CBN produces over 2,430 hours of original content every year for its numerous television stations, including daily drama teleseries, drama anthologies, movies, musical and variety shows, game shows, reality shows, news programs, current affairs programs,

documentaries, music video 24/7 (Myx), AM talk radio with DJ live on-screen (DZMM), FM radio shows with DJ live on-screen (MOR), and public affairs programs. Every day, ABS-CBN's programming is broadcast worldwide through its agreements with dozens of cable companies' premium channels, telecom provider partnerships, Internet subscription services, and through its own 24-hour cable and satellite service, which offers pay-per-view programming. Defendant, through the sale of the Pirate Equipment, is directly and unfairly competing with ABS-CBN's economic interests in the State of California and causing ABS-CBN harm within this jurisdiction.

9. ABS-CBN relays direct signals from within the Philippines up to satellites in orbit above Earth. These signals are then broadcast back down to Earth. Thereafter, ABS-CBN's programming is received by authorized subscribers through the use of a private satellite dish connected to an indoor satellite box, which is then connected by a cable to a television monitor. This setup allows authorized subscribers to receive their ABS-CBN programming.

10. To prevent the unauthorized reception and use of ABS-CBN's broadcasts by individuals who have not paid for ABS-CBN's services, ABS-CBN employs encryption technology to digitally scramble the signal, making it unusable until it is descrambled. The satellite box is the component that makes descrambling possible. Every satellite box has a conditional access subsystem built directly into it, which allows for the descrambling of ABS-CBN's content. Each paying customer receives a unique entitlement management message from the satellite feed, which allows the conditional access subsystem to descramble the signal.  This equipment and technology are referred to herein as the "encryption technology," and constitute ABS-CBN's technological access control measures for their copyrighted content and communications.

### DEFENDANT'S ILLEGAL ACTS

11. Upon information and belief, Defendant has been engaged in a scheme

to, without authorization, sell Pirate Equipment which retransmit ABS-CBN's programming to his customers as Pirate Services. Collectively, the devices, components, technology and equipment are referred to herein as the "Pirate Equipment."

12. Upon information and belief, in order to gain access to ABS-CBN's protected communications and copyrighted content, Defendant's Pirate Equipment is designed to illegally access ABS-CBN's live communications. This system allows for the circumvention of ABS-CBN's encryption technology and the reception, disclosure, and publication of ABS-CBN's protected communications and copyrighted content.

13. Upon information and belief, and at all times relevant hereto, the Defendant in this action has had full knowledge of the unauthorized nature of the Pirate Equipment and Services.

14. ABS-CBN's investigators have purchased such Pirate Equipment and Services from directly Defendant, which were shipped to Defendant by Defendant's cousin, Alberto Ace Mayol Alfaro a/k/a Ace Alfaro, to within this District, for the purpose of Defendant's direct sale of the Pirate Equipment to his customers.

15. Upon information and belief, Defendant is using ABS-CBN's copyrighted content in connection with the Pirate Equipment and Services at issue, thus increasing the value of his illegal distribution operation and decreasing the size and value of ABS-CBN's legitimate marketplace at ABS-CBN's expense.

16. Upon information and belief, Defendant is actively using, promoting, and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of his Pirate Equipment and Services.

17. Upon information and belief, Defendant has engaged in this activity for profit and for the purposes of his own private financial gain and commercial advantage. Defendant has sold his Pirate Equipment and Services to consumers from within this District with specific intent and knowledge that such Pirate Equipment

1  would be used to circumvent ABS-CBN's encryption technology and therefore
2  allow the reception, publication, and divulgence of ABS-CBN's communications by
3  persons not paying for those Pirate Services and persons not authorized to receive
4  those services, thus causing irreparable harm and damages to ABS-CBN.

5  　　　　18.　　Upon information and belief, Defendant distributed this Pirate
6  Equipment and Services to persons from within this District knowing or having
7  reason to know that such devices and equipment were designed to be used for the
8  unauthorized reception of ABS-CBN's communications services via circumvention
9  of ABS-CBN's encryption technology.

10 　　　　19.　　Upon information and belief, by using the Pirate Equipment sold by
11 Defendant, an individual may circumvent ABS-CBN's encryption technology to
12 view ABS-CBN's live programming, without paying the fee for such Pirate
13 Services. If Defendant's above described illegal activities are not preliminary and
14 permanently enjoined by this Court, ABS-CBN will continue to be harmed.

15 　　　　20.　　Defendant is engaging in the above-described illegal activities
16 knowingly and intentionally or with reckless disregard or willful blindness to ABS-
17 CBN's rights for the purpose of trading on ABS-CBN's goodwill, reputation, and
18 quality content. If Defendant's intentional illegal activities are not preliminarily and
19 permanently enjoined by this Court, ABS-CBN and the consuming public will
20 continue to be harmed.

21 　　　　21.　　ABS-CBN has no adequate remedy at law.

22 　　　　22.　　ABS-CBN is suffering irreparable injury and has suffered substantial
23 damages and a result of Defendant's unauthorized and illegal activities. If
24 Defendant's illegal activities are not preliminarily and permanently enjoined by this
25 Court, ABS-CBN will continue to be harmed.

26 　　　　23.　　The injury and damages sustained by ABS-CBN has been directly and
27 proximately caused by Defendant's wrongful and illegal behavior as described
28 herein and the very existence of Defendant's illegal marketplace enterprise.

**COUNT I – VIOLATION OF 47 U.S.C. SECTION 605(a) and (e)(4)**

24. ABS-CBN hereby repeats and re-alleges the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25. 47 U.S.C. § 605(a) prevents the unauthorized publication or divulgence of the existence, contents, substance, purport, effect, or meaning thereof, of any transmissions or receptions, or assisting in such unauthorized publication or divulgence of transmissions or receptions, of various communications by radio or wire, such as the ABS-CBN communications at issue herein. 47 U.S.C. § 605(e)(4) further specifically prohibits the import, export, distribution and/or sale of such devices.

26. Upon information and belief, Defendant publishes and/or divulges the contents of a protected communication to persons not permitted to receive such communications. Additionally, upon information and belief, Defendant has engaged in the modification, import, sale and/or distribution of the Pirate Equipment which is primarily intended to publish and divulge ABS-CBN's protected communications as Pirate Services to persons not intended to receive such communications. Defendant has engaged in these activities for his own commercial advantage and/or private financial gain and with full knowledge of the primary nature of these Pirate Equipment and Services, as described above.

27. ABS-CBN's communications are protected from unauthorized theft and interception under 47 U.S.C. § 605(a).

28. ABS-CBN's programming signal is a private communication signal which is not intended for the use of the general public.

29. Defendant's modification, importation, sales, and/or distribution of the Pirate Equipment which is primarily intended to publish and divulge ABS-CBN's protected communications as Pirate Services to persons not intended to receive such communications via circumvention of ABS-CBN's encryption technology are violations of 47 U.S.C. § 605(a) and (e)(4).

30. Defendant's violations of 47 U.S.C. §§ 605(a) and (e)(4) were performed without the permission, authorization, or consent of ABS-CBN and were willful and for the purposes of commercial advantage and/or private financial gain. Defendant's actions are unjustly enriching Defendant at ABS-CBN's expense.

31. ABS-CBN is a "person aggrieved" by the Defendant's violations of 47 U.S.C. § 605, and is authorized to prosecute this Action under 47 U.S.C. § 605(e)(3)(A).

32. Defendant's violations of 47 U.S.C. § 605(a) and (e)(4) have injured ABS-CBN's ability to maximize the revenues which it seeks to derive from its communications services, as ABS-CBN has been deprived the benefit of subscribers to its communications services.

33. ABS-CBN has sustained irreparable harm, injury, and monetary damages caused by Defendant's conduct, and absent an entry of an injunction by this Court, ABS-CBN will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

34. ABS-CBN is entitled to costs, reasonable attorneys' fees, actual damages suffered, profits obtained by Defendant attributed to his illegal conduct, and/or statutory damages for each violation of 47 U.S.C. § 605(a) and (e)(4).

**COUNT II – VIOLATION OF CAL. PEN. CODE § 593D AND § 593D(F)**

35. ABS-CBN hereby repeats and re-alleges the allegations of Paragraphs 1 through 23 as if set fully herein.

36. Cal. Pen. Code § 593d permits a civil action to be filed under Cal. Pen. Code § 593d(f), which prevents the unauthorized interception of services from multichannel video or an information services provider. A violation is committed when an individual knowingly and willfully manufactures, assembles, modifies, imports into this state, distributes, sells, offers to sell, advertises for sale, or possesses for any of these purposes, any device or kit for a device designed, in whole or in part, to decrypt, decode, descramble, or otherwise make intelligible any

encrypted, encoded, scrambled, or other nonstandard signal carried by a multichannel video or services provider.

37. Upon information and belief, Defendant has engaged in the sale, and/or distribution of Pirate Equipment intended by Defendant to be used for the unauthorized interception of ABS-CBN's communications services as Pirate Services.

38. Upon information and belief, Defendant has offered to sell, sold, and advertised the sale of the Pirate Equipment knowing or having reason to know that the devices and equipment were designed to be primarily used for the unauthorized interception of ABS-CBN's communications services as Pirate Services.

39. Upon information and belief, Defendant has engaged in the sale, distribution, and/or advertisement of Pirate Equipment and Services knowingly and willfully for the purposes of his own commercial advantage and/or personal financial gain. Defendant's actions are unjustly enriching Defendant at ABS-CBN's expense.

40. Upon information and belief, the Pirate Equipment sold, imported, and/or distributed by the Defendant is specifically designed to receive ABS-CBN's communications services without authorization, thereby permitting reception of ABS-CBN's copyrighted content without payment for services which would legitimately allow the user to access the copyrighted content.

41. ABS-CBN has not authorized or consented to the manufacturing, assembling, modifying, importing, exporting, marketing, selling, delivering, furnishing, shipping, renting, repairing, distributing, or use by Defendant of the aforementioned devices and equipment, nor has ABS-CBN authorized or consented to the interception or reception of its communications services without its authorization as Pirate Services.

42. Defendant's sale, distribution, and/or advertisement of Pirate Equipment and Services for the theft and unauthorized reception of ABS-CBN's

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 communications services are violations of Cal. Pen. Code § 593d. ABS-CBN is thus
2 authorized to prosecute this action against the Defendant for its violations of Cal.
3 Pen. Code § 593d under Cal. Pen. Code § 593d(f).

4      43.   Defendant's violations of Cal. Pen. Code § 593d have injured ABS-
5 CBN's ability to maximize the revenues which it seeks to derive from its
6 communications services, as ABS-CBN has been deprived the benefit of subscribers
7 to its communications services.

8      44.   ABS-CBN has sustained irreparable harm, injury, and monetary
9 damages caused by Defendant's conduct, and absent an entry of an injunction by
10 this Court, ABS-CBN will continue to suffer irreparable injury to its goodwill and
11 business reputation as well as monetary damages.

12      45.   ABS-CBN is entitled to either $5,000.00 or three times the amount of
13 actual damages and reasonable attorney's fees under Cal. Pen. Code § 593d(f).

## PRAYER FOR RELIEF

15      46.   WHEREFORE, ABS-CBN prays that this Court enters judgment in its
16 favor and against Defendant as follows:

17      A.   Declare that Defendant's modification, importation, offering to the
18 public, trafficking, sale, distribution, and/or possession of Pirate Equipment or
19 Services, unauthorized interception, reception, divulgence, and publication of ABS-
20 CBN's electronic communications, or his assistance in the performance of such
21 unauthorized actions, is a violation of 47 U.S.C. § 605 and Cal. Pen. Code § 593d;

22      B.   In accordance with 47 U.S.C. § 605(e)(3)(B)(i), order the impounding
23 of any devices and/or equipment that are the subject of statutory violations and,
24 under 47 U.S.C. § 605(e)(3)(B)(i), enter a temporary, preliminary, and permanent
25 injunction enjoining Defendant and all persons in active concert or participation
26 with them from: (i) manufacturing, modifying, trafficking in, possessing, importing,
27 advertising or promoting, distributing, selling or offering to sell illegal equipment or
28 devices; (ii) interfering with ABS-CBN's proprietary rights; (iii) manufacturing,

1  intercepting, receiving, divulging, publishing, or displaying ABS-CBN's
2  entertainment content without prior written consent of ABS-CBN; and (iv) acting in
3  further violation of the above-described statutes.
4         C.    Award ABS-CBN statutory damages in the amount of $100,000.00 for
5  each violation of 47 U.S.C. § 605 plus an additional $100,000.00 for each violation
6  pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and 47 U.S.C. § 605(e)(3)(C)(ii);
7  alternatively, ABS-CBN requests judgment for actual damages, plus damages equal
8  to any profits attributable to Defendant's violations of 47 U.S.C. § 605 plus an
9  additional $100,000.00 for each violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I)
10 and 47 U.S.C. § 605(e)(3)(C)(ii);
11        D.    Award ABS-CBN three times the actual damages pursuant to Cal. Pen.
12 Code § 593d(f), which incorporates Cal. Pen. Code § 593d, or $5,000.00;
13        E.    Award ABS-CBN punitive or trebled damages provided by statutory
14 law;
15        F.    Award ABS-CBN its costs, including reasonable attorneys' fees,
16 prejudgment and post judgement interest; and
17        G.    Award any further relief as the Court may deem just and proper.

Dated: February 10, 2020                Respectfully submitted,

By: /s/ *Kevin R. Lussier*
Kevin R. Lussier, Esq.
*klussier@veatchfirm.com*
VEATCH CARLSON, LLP
Attorneys for Plaintiffs
ABS-CBN CORPORATION, a
Philippines Corporation, ABS-CBN
FILM PRODUCTIONS, INC. d/b/a
STAR CINEMA, a Philippines
Corporation, and ABS-CBN
INTERNATIONAL, a California
Corporation

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF